UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES ARTHUR MOYE, JR.,

    Plaintiff,

v.                                                     Case No. 8:18-cv-2544-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A. Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 177-78). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 15, 71-101, 104-12). Plaintiff then requested an administrative hearing (Tr. 113-14). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 129-70). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

denied Plaintiff's claims for benefits (Tr. 12-28). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. § 405(g).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1963, claimed disability beginning October 28, 2015 (Tr. 177). Plaintiff obtained a high school education (Tr. 190). Plaintiff's past relevant work experience included work as a user support analyst, intelligence specialist, and a protective service officer (Tr. 56, 60). Plaintiff alleged disability due to post traumatic stress disorder, benign prostatic hypertrophy, diverticulosis, degenerative joint disease in the left knee and right shoulder, TMJ, trigeminal neuralgia, cervical spine pain, degenerative disc disease, tendonitis in the left shoulder, bicep tendon repair, and bilateral tinnitus (Tr. 207).

In rendering the administrative decision, the ALJ concluded that Plaintiff meets the insured status requirements through December 31, 2020 and had not engaged in substantial gainful activity from October 28, 2015, the alleged onset date (Tr. 17). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, joint disease of the left knee, and history of rotator cuff surgeries (Tr. 17). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 20). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except Plaintiff could frequently climb stairs and ramps; occasionally climb ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; occasionally reach overhead, bilaterally; occasionally be exposed to vibration; and frequently be exposed to noise (Tr. 20). In formulating Plaintiff's RFC, the ALJ considered

2

Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 21). Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform his past relevant work as a user support analyst and intelligence specialist (Tr. 23). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 138).

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the

3

medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*).

4

**III.**

Plaintiff argues that the ALJ erred by (1) failing to properly evaluate the decision from the Department of Veterans Affairs ("VA") and (2) failing to evaluate the medical opinions. For the following reasons, the ALJ failed to apply the correct legal standards and the ALJ's decision is not supported by substantial evidence.

**A.     VA Decision**

Plaintiff initially contends that the ALJ failed to properly evaluate the VA disability rating. A decision by any other governmental agency about whether a claimant is disabled is based upon that agency's rules and is not the decision of the Social Security Administration ("SSA"). 20 C.F.R. § 404.1504.[2] Rather, the SSA makes a disability determination based upon social security law, and, thus, a determination made by another agency that a claimant is disabled does not bind the SSA. 20 C.F.R. § 404.1504. Though such decisions are not binding on the ALJ, such determinations, including VA disability ratings, should be considered and given great weight. *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) ("A VA rating, while not binding on the SSA, is evidence that should be considered and is entitled to great weight.") (citation and internal quotation marks omitted); *Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777, 779 (11th Cir. 2015) (noting that VA disability ratings are not binding on the ALJ but that such ratings should be considered and given great weight); *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) ("Although the V.A.'s disability rating is not binding on the Secretary of Health and Human Services, it is evidence that should be given

---

[2] The Social Security Administration ("SSA") amended the regulation in 2017 (with an effective date of March 27, 2017) to indicate that no analysis would be provided by the administration regarding decisions made by any other agency regarding whether a claimant is disabled. *See* 20 C.F.R. § 404.1504. The amended regulation does not apply to Plaintiff's claim as Plaintiff's application for disability was filed on February 16, 2017 and the new regulation applies only to claims filed on or after the March 27, 2017 effective date.

5

great weight.") (citation and internal quotation marks omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983) ('The findings of disability by another agency, although not binding on the Secretary, are entitled to great weight.") (citation omitted). In determining whether a claimant is disabled, the ALJ should consider decisions by governmental agencies about whether a claimant is disabled along with the other evidence of record. 20 C.F.R. § 404.1512(b)(1)(v).

An ALJ commits legal error when they "[s]ummarily reject a VA disability rating because it is non-binding in the SSA context and relies on different criteria." *Beshia v. Comm'r of Soc. Sec.*, 328 F. Supp. 3d 1341, 1346–47 (M.D. Fla. 2018). Further, an ALJ should not give little weight to the VA's determination for those same reasons. *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016). As determined in *Ostborg*, an ALJ appropriately evaluates a VA disability rating on its merits when they provide "specific reasons for discounting the VA's determination" and comparing the "VA examiners' opinions, VA primary care provider opinions, and VA treatment records" with the other parts of the record. *Ostborg*, 610 F. App'x at 914; *Boyette*, 605 F. App'x at 779.

Here, the ALJ gave little weight to Plaintiff's VA rating, stating:

"The undersigned has given little weight to the Department of Veterans Affairs determination. The disability determination processes utilized by the Department of Veterans Affairs and the Social Security Administration are fundamentally different. Department of Veterans Affairs does not make a function-by-function assessment of an individual's capabilities (i.e., determine the claimant's residual functional capacity) or determine whether the claimant is able to perform either his past relevant work or other work that exists in significant numbers in the national economy as is required by the Regulations. Thus, a disability rating by the Department of Veterans Affairs is of little probative value in these proceedings. Therefore, the undersigned has given that rating little weight."

(Tr. 22).

While it is established that the assessment of the VA is different than that of the SSA and that the VA decision is not binding, "[a] VA rating of 100% disability should [be] more

6

closely scrutinized by the ALJ." *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981). The ALJ made note of, but ultimately rejected, the VA's rating disability determination because the disability determination processes used by the Department of Veterans Affairs and the Social Security Administration are "fundamentally different." (Tr. 22). However, the ALJ did not offer any substantive reason for assigning the VA's rating little weight. *Burch-Mack v. Comm'r of Social Sec.*, No: 8:15-cv-1167-T-JSS 2016 WL 4087477 at *4 (M.D. Fla. 2016). (finding the ALJ's analysis did not constitute a meaningful review of the VA disability determination even though the ALJ conducted specific factual analysis).

Here, the ALJ failed to provide a valid basis for affording little weight to Plaintiff's 100% VA disability rating and failing to address the merits of the rating. As such, substantial evidence does not support the Commissioner's decision because the ALJ's rejection of the VA disability rating does not include a thorough review of the record as required. *See* 20 C.F.R. §§ 404.1512(b)(1)(v). Therefore, this case should be remanded for proper consideration of Plaintiff's VA's disability rating.

### B. Medical Opinion

Plaintiff next argues that the ALJ erred by failing to properly consider the medical opinion of Dr. Riqueza Glura Cua, of which the Commissioner contends is actually an opinion from Dr. Donald Stevens summarizing Dr. Cua's records. Under 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1), medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, what the claimant can still do despite the impairments, and physical or mental restrictions. When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The

7

Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. § 404.1527. In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization. 20 C.F.R. § 404.1527(c). For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. § 404.1527(c)(3). Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive. 20 C.F.R. § 404.1527(c)(4). Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). In fact, the ALJ may reject any opinion when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*).

Here, the ALJ did err by failing to state the particular weight, if any, given to Dr. Stevens' opinion. However, the Court finds that this error is harmless. *See Caldwell v. Barnhart*, 261 F. App'x 188, 191 (11th Cir. 2008). Dr. Stevens completed an "Initial Post Traumatic Stress Disorder (PTSD) Disability Benefits Questionnaire" which included excerpts from Dr. Cua's "Psychiatry Outpatient Note" (Tr. 500-515). In this questionnaire, Dr. Stevens noted Plaintiff's previous mental diagnoses, (Tr. 501), and opined, among other things, that Plaintiff's mental impairments caused "[o]ccupational and social impairment with occasional decrease in work

efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation" (Tr. 502).

While the ALJ failed to specifically address Dr. Stevens' opinion in his decision, the ALJ addressed similar social limitations identified by Dr. Stevens while determining the severity of the Plaintiff's impairments during step two (Tr. 19). There, the ALJ found the Plaintiff's "major depressive disorder and history of PTSD, considered singly and in combination, do not cause more than minimal limitations in the claimant's ability to perform basic mental work activities and are therefore non-severe" (Tr. 19). Later, when determining the RFC, the ALJ again mentions that the Plaintiff's mental impairments are not severe and that the Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record (Tr. 21).

In his report, Dr. Stevens's findings are consistent with the ALJ's conclusion that the Plaintiff's mental impairments are non-severe. Dr. Stevens indicated Plaintiff was "cooperative with the examiner, not distractible, and maintain[ed] appropriate eye contact through the interview" (Tr. 510). Plaintiff was alert and oriented to person, place, situation, and time (Tr. 511). Plaintiff's immediate, recent, and remote memory were intact, and he demonstrated no deficits in concentration (Tr. 511). Plaintiff had average intellectual functioning; coherent, logical, and goal-directed thought process; and no thought content abnormalities (Tr. 511). Dr. Stevens' own findings contradict his conclusion and instead support the decision of the ALJ. Dr. Stevens' evaluation is consistent with the psychiatric review technique assessments of the state agency psychiatrist and psychologist, Dr. Butler and Dr. Meyer. The assessments of Dr. Butler and Dr. Meyer, which were given great weight, determine that the Plaintiff has mild

limitations in the four broad areas of mental function, also known as the "paragraph B" criteria. Even if the findings were not consistent, Dr. Stevens only examined the Plaintiff once, (Tr. 514), and therefore is not entitled to the same deference or special consideration as a treating physician. *See* 20 C.F.R. § 404.1502; *Denomme v. Comm'r. Soc. Sec. Admin.*, 518 F. App'x 875, 878 (11th Cir. 2013).

The ALJ does not dispute the fact that the Plaintiff has medically determinable mental impairments. Rather, the ALJ found that because the mental impairments cause no more than mild limitations in any of the functional areas, it is non-severe. Thus, even if the ALJ had included Dr. Stevens' findings, the decision would not be different. Therefore, the ALJ's failure to discuss Dr. Stevens' opinion is a harmless error and the ALJ's error did not affect the decision.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 18th day of March, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record